UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARCEL DENISE LAWSON, | ) |
| Plaintiff, | ) No. 15 C 5415 |
| v. | ) Magistrate Judge M. David Weisman |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darcel Denise Lawson brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision denying her application for disability benefits. For the reasons set forth below, the Court reverses the Commissioner's decision and remands the case for further proceedings.

## Background

Plaintiff applied for disability benefits on March 7, 2012, alleging a disability onset date of July 30, 2009. (R. 187.) The application was initially denied on August 22, 2012, and again on reconsideration on January 7, 2013. (R. 96, 123.) Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on January 8, 2014. (R. 25-70.) On January 24, 2014, the ALJ denied plaintiff's application and found her not disabled under the Social Security Act. (R. 9-20.)

---

[1]On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited June 7, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

The Appeals Council denied plaintiff's request for review on May 11, 2015 (R. 1-3), making the ALJ's decision the final decision of the Commissioner, reviewable by this Court under 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden

is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 11.) At step two, the ALJ found that plaintiff had the severe impairments of "diabetes mellitus; peripheral neuropathy; osteoarthritis; hypertension; [and] obesity." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (R. 12.) At step four, the ALJ found that plaintiff could perform her past relevant work as a cashier II because she had the RFC:

> to perform light work . . . except lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing/walking at least 6 hours in an 8 hour workday; sitting about 2 hours in an 8 hour workday; occasional climbing of ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, kneeling, crouching, and crawling; frequent stooping; avoid concentrated exposure to excessive vibration and hazards such as dangerous machinery with moving mechanical parts; and less than frequent far acuity.

(R. 13, 19.) Thus, the ALJ concluded plaintiff was not disabled. (R. 20.)

Plaintiff argues that the ALJ's RFC finding is based on a flawed credibility finding. The Court notes that defendant recently issued new guidance for evaluating symptoms in disability claims, which supersedes SSR 96-7p and "eliminate[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). Though SSR 16-3p was issued after the ALJ's decision in this case, it is appropriate to apply it here because: (1) the new regulation is a clarification of, not a change to, existing law, *see Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir. 1993) (stating that clarifying rules can be applied retroactively, and courts give "great weight" to an agency's expressed intent to clarify a regulation), *overruled on other grounds by*

3

*Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); and (2) it is substantially the same as the prior regulation, *compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), *with* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). Under either regulation, the ALJ "is in the best position to determine the credibility of witnesses." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). Thus, the Court will "overturn a credibility determination only if it is patently wrong" *id.*, that is, it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008) (quotations omitted).

> In evaluating symptoms, the ALJ considers:
>
> 1. [The claimant's] [d]aily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms . . . ; and 7. Any other factors concerning [the] individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 1119029, at *7.

The ALJ found plaintiff "less than fully credible" because: (1) she stopped working for reasons that "[do not] correlate to her current disability application"; (2) she said the pain in her legs had consistently been an eight on a one-to-ten scale for the past five years, yet during that period she worked as a security guard and engaged in "full daily activities"; and (3) she had few medical visits and "had essentially normal physical exams." (R. 17-18.)

The record does not support these findings. First, plaintiff testified that she lost her job as a security guard in 2009 because of her diabetes-induced need to urinate frequently (R. 34-35), and the fact that plaintiff worked while in pain does not disprove disability. *See Voigt v. Colvin*, 781 F.3d 871, 876 (7th Cir. 2015) (noting that a claimant can be working though "he really is

4

permanently disabled from engaging in gainful activity") (quotation omitted). Second, the daily activities the ALJ characterized as "full" consist of watching television, napping, doing household chores for less than ten minutes at a time, and being driven to her mother's nursing home three times per week. (R. 37-39, 48-49.) Third, the record shows that plaintiff sought treatment for pain on numerous occasions, especially after her neuropathy diagnosis in February 2012, and that the dosage of her pain medication was increased over time. (*See* R. 315, 340-47, 355-57, 360-64, 373-75, 378-79, 383-85, 439, 485-90.) Because the ALJ's reasons for discounting plaintiff's description of her symptoms are not supported by the record, the case must be remanded for a new symptom evaluation. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (remanding case because of faulty credibility determination).

Plaintiff also challenges the ALJ's assessment of the medical opinion evidence that was rendered by the agency's doctors.[2] With respect to this evidence, the ALJ said:

> . . . Charles Kenney, M.D. opined . . . that the claimant was limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing/walking at least 6 hours in an 8 hour workday; sitting about 6 hours in an 8 hour workday; occasional climbing of ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, kneeling, crouching, and crawling; frequent stooping; avoid concentrated exposure to excessive vibration and hazards such as dangerous machinery with moving mechanical parts; and less than frequent far acuity. . . . The RFC was affirmed by a second doctor, Calixto Aquino, M.D. . . . I agree with the opinions overall as they are supported by the longitudinal record including conservative treatment and essentially normal physical exams. As such, I give their opinions significant weight. Moreover, I have been even more accommodating by finding the claimant should only perform occasional kneeling based on her allegations of pain. Further, I found the diabetes and hypertension to be severe when they did not. Finally the [agency] doctors opined that the claimant's depression was non-severe . . . . I agree and, as such, give such opinions significant weight as well.

(R. 19.)

---

[2] The record does not contain an opinion from a treating source.

The ALJ's reasoning, however, is inconsistent and lacks sufficient explanation. The ALJ initially says, without further explanation, that the longitudinal record supports the doctors' opinions. (*Id.*) However, a few sentences later, presumably based on his review of the same record, he says he disagrees with their conclusions about the severity of plaintiffs' impairments. (*Id.*) It is not clear how the doctors' opinions can simultaneously be supported and contradicted by the record or why the ALJ gives them "significant weight." (*Id.*) The ALJ also does not explain how he credits both: (1) the doctors' opinions that plaintiff can sit six hours of an eight-hour workday and her testimony "that she can only sit for 20 minutes before she has to get up due to the pain"; or (2) the doctors' opinions that plaintiff can occasionally climb ramps and stairs, balance, kneel, crouch, and crawl and the medical evidence that shows she has degenerative changes and reduced range of motion in both knees. (R. 17-19.) Finally, the ALJ provides no explanation at all for his agreement with the agency doctors that plaintiff's mental impairment was not severe. (R. 19.) In short, on remand the ALJ must re-evaluate the medical opinion evidence.

Plaintiff also takes issue with the ALJ's formulation of her RFC. Because the RFC is dependent on the ALJ's assessment of the medical opinions and his evaluation of plaintiff's symptoms, both of which must be revisited on remand, the RFC determination will have to be revisited as well.

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [12], reverses the Commissioner's decision and remands this case to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                                  **ENTERED:   June 7, 2017**

_____
**M. David Weisman**
**United States Magistrate Judge**